# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10CR00002-020 |
| v. ) | **OPINION** |
| ) | |
| **RHONDA KAYE HUTSON,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Rhonda Kaye Hutson, Pro Se Defendant.*

The defendant, Rhonda Kaye Hutson, has filed a motion pursuant to 28 U.S.C. § 2255. After consideration of the United States' Motion to Dismiss, I find that Hutson's motion must be dismissed.

The defendant was sentenced by this court on September 22, 2010, to 300 months imprisonment after pleading guilty to a drug trafficking offense. Her sentencing guideline range was calculated based upon her status as a "career offender" pursuant to U.S. Sentencing Guidelines Manual ("USSG" or "Guidelines") § 4B1.1. Hutson's imprisonment range applying the career offender guideline was determined to be 262 to 327 months.

Under § 4B1.1(a) of the Guidelines, a career offender is defined as an offender at least 18 years old whose offense of conviction is a felony that is either

a crime of violence or a controlled substance offense and who has at least two prior felony convictions of either a crime of violence or a controlled substance offense. A defendant determined to be a career offender normally receives enhanced scoring of the offense level and criminal history category otherwise determined under the Guidelines. At the time the defendant was sentenced, § 4B1.2(a) of the Guidelines, in relevant part, defined a crime of violence as an offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." USSG § 4B1.2(a)(2) (2009) (emphasis added). The italicized language is referred to as the residual clause.[1]

On June 26, 2015, the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), held that the nearly identical residual clause in the violent felony definition of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.

On April 25, 2016, the defendant signed the present motion pursuant to 28 U.S.C. § 2255, appearing to contend that her sentence was unconstitutional under *Johnson*.[2]

---

[1] In 2016, the Sentencing Commission adopted an amendment removing the residual clause from § 4B1.2(a). USSG Amend. 798 (Aug. 1, 2016).

[2] In her § 2255 motion, she stated that her guilty plea was not voluntary and that her attorney refused to note an appeal, but also stated, "The residual clause has been

While the issue was the subject of conflicting decisions by federal courts, the Supreme Court lately resolved the matter in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), holding that *Johnson's* vagueness analysis does not apply to the residual clause in § 4B1.2(a)(2). Moreover, because Hutson's predicate offenses for her career offender status were drug crimes and not violent felonies, *Johnson* does not apply in any event and the one-year statute of limitations contained in 28 U.S.C. § 2255(f)(1) bars her motion. For these reasons, the defendant's § 2255 motion must be dismissed.

A separate final order will be entered forthwith.

DATED: May 18, 2017

/s/ James P. Jones
United States District Judge

---

deemed vague and unconstitutional." Mot. 4, ECF No. 1784. In fact, she noted an appeal on her own and the court of appeals appointed counsel, but she later voluntarily dismissed the appeal. Hutson Decl., Feb. 14, 2011, No. 10-5180, Appeal Doc. 17-2 (4th Cir.).