UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:10-CR-2 |
| ) | |
| RHONDA KAYE HUTSON ) | |

### REPLY TO RESPONSE IN OPPOSITION

The United States argues that Ms. Hutson's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is barred as a matter of law by the Fourth Circuit's recent decision in *United States v. Ferguson*. U.S. Resp. in Opp., ECF No. 2007 at *1, 6-12. However, the government is wrong that Ms. Hutson's motion for a sentence reduction constitutes a collateral attack on her sentence.

In the *Ferguson* case, Mr. Ferguson argued in a compassionate release motion that his original sentence was imposed in error because he should not have been sentenced to the mandatory minimum of 30 years of imprisonment for his conviction for possessing a firearm in furtherance of a drug trafficking crime since the "indictment did not allege that he possessed a silencer." *United States v. Ferguson,* No. 21-6733, 2022 WL 17256572 (4th Cir. 2022) at *2. The Fourth Circuit held that Mr. Ferguson's attempt to collaterally attack his conviction and sentence via a compassionate release motion "ignores the established procedures for doing so. Namely, 28 U.S.C. § 2255 is 'the exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal." *Id.* at *5 (internal citations omitted).

Unlike Mr. Ferguson, however, Ms. Hutson did not argue her original sentence was imposed in error. Rather, like the defendants in *United States v. McCoy,* 981 F.3d 271 (4th Cir. 2020), and *United States v.* Zullo, 976 F.3d 228 (2nd Cir. 2020), Ms. Hutson argued that changes in sentencing law – that she would not be subject to a Section 851 sentencing enhancement and that she would not be a career offender today – that occurred after her sentencing (but did not apply retroactively) merited a reduction in her sentence to conform to that change. *Id.* Mr. Ferguson's argument is "clearly different in kind" from the argument Ms. Hutson made. *Id.* Mr. Ferguson's argument required the district court to determine whether his original conviction was "valid." *Id.*

Further, the government's citation to *Ferguson's* favorable reference to *United States v. Jenkins,* a compassionate release case out of the D.C. Circuit misses the mark. *See* U.S. Resp. in Opp., ECF No. 2007 at *8. In that case, Mr. Jenkins argued that three changes in the law since the time of his sentencing supported his motion for a reduced sentence: (1) Congress narrowed section 924(c)'s stacking provisions, (2) *United States v. Winstead,* 890 F.3d 1082 (D.C. Cir. 2018), held that attempted drug offenses do not trigger the career offender guideline, and (3) *Borden v. United States,* -- U.S. --, 141 S.Ct. 1817 (2021), held that offenses with a minimum *mens rea* of recklessness are not "crimes of violence" under ACCA. *United States v. Jenkins,* 50 F.4th 1185, 1194 (D.C. Cir. 2022). Ultimately, unlike the Fourth Circuit, the D.C. Circuit held that none of these reasons could constitute extraordinary and compelling reasons for a sentence reduction under §

3582(c)(1)(A). *Id.* at *1198, 1200, 1204-05. In *United States v. McCoy,* however, the Fourth Circuit, specifically allows district courts to consider non-retroactive legal changes as a relevant factor in an "individualized" compassionate release inquiry. *McCoy,* 981 F.3d at 286. And the D.C. Circuit recognized this distinction in its *Jenkins* decision. *Jenkins,* 50 F.4th at *1999. So, even though, the government continues to disagree with the *McCoy* decision, it is still binding precedent in the Fourth Circuit. Like the defendants in *McCoy,* Ms. Hutson's § 3582(c)(1)(A) motion does not attack the validity of her original conviction or sentence; rather, it argues that the disparity between the sentence she received and the one she would likely receive today constitutes an extraordinary and compelling reason for a sentence reduction. Courts in this district have found similar disparities in many other cases have supported a sentence reduction under § 3582(c)(1)(A).

                                                                                Respectfully submitted,

                                                                                Rhonda Hutson
                                                                                By Counsel

/s/Andrea Harris
Andrea Lantz Harris
Virginia State Bar No. 37764
Assistant Federal Public Defender
401 E Market Street, Suite 106
Charlottesville, VA 22902
(434)-220-3380
andrea_harris@fd.org

**CERTIFICATE OF SERVICE**

  I certify that on March 1, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to all counsel of record.

                /s/Andrea Harris