# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:10CR00002-020 |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **RHONDA KAYE HUTSON,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.  ) | |

*Lee S. Brett, Assistant United States Attorney, Roanoke, Virginia, for United States; Andrea Harris, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

Rhonda Kaye Hutson has filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. For the reasons stated, Hutson's motion will be granted in part.

I.

In 2010, Hutson and others were charged with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and OxyContin, in violation of 21 U.S.C. §§ 846 and 841. Hutson pled guilty and was later sentenced by this court on September 22, 2010.

Prior to Hutson pleading guilty, the government filed a Sentencing Enhancement Information pursuant to 21 U.S.C. § 851 (§ 851 Enhancement) based on two prior felony drug offenses, a 1995 Tennessee conviction for felony Selling

Marijuana and a 2001 Virginia conviction for Possession of Cocaine with the Intent to Distribute, triggering a statutory mandatory life sentence. Information, ECF No. 590. In the plea agreement, however, the government agreed to seek the § 851 Enhancement for only one of the prior convictions, the 2001 cocaine offense, triggering a then-applicable 20-year statutory mandatory minimum.

At sentencing, the court determined that Hutson had a total offense level of 34. The court found that Huston qualified for the career offender enhancement because of the nature of her then-instant offense and because of multiple prior drug convictions. Huston's criminal history category was then determined to be VI because of both her 15 criminal history points and her career offender designation. Presentence Investigation Report (PSR) ¶ 40, ECF No. 2005. That resulted in an advisory guidelines custody range of 262 to 327 months' imprisonment.

The court sentenced Hutson to 300 months' imprisonment. In doing so, it recognized that it had sentenced Hutson's sister, the "top dog in this conspiracy" to only 210 months, but it noted that Hutson had also played a significant part in the conspiracy. Sent'g Tr. 15, EFC No. 1495. The court then highlighted Hutson's more extensive criminal history as a reason why Hutson's higher sentence was appropriate. Hutson is currently serving her sentence at FCI Tallahassee, and her projected release date is May 30, 2030.

In 2014, Hutson moved to reduce her sentence in light of Amendment 782 to the U.S. Sentencing Guidelines Manual (USSG). The court denied her motion, finding that Hutson was ineligible for reduction because of her career offender status.

Hutson now asks that this court reduce her sentence to 210 months. She contends that if she were sentenced today, she would not be considered a career offender, which would allow her to receive the benefit of the change to the Drug Quantity Table contained in Amendment 782, reducing her total offense level to 32 and her advisory guidelines range to 210 to 262 months. She also argues that the § 851 Enhancement would not apply today or alternatively, if it did, that it would require a lower mandatory minimum, a change she contends creates a sentencing disparity with her co-defendants. Finally, she asserts that the § 3553(a)(1)(C) factors and her health issues support early release. The government opposes Hutson's motion, arguing that (1) Hutson may not challenge her sentence through a compassionate release motion and alternatively, the potential change in the applicable guidelines range is not an extraordinary and compelling circumstance; (2) the statutory changes to the mandatory minimums are not extraordinary and compelling reasons for relief; (3) the § 3553(a) factors weigh against relief; and (4)

Hutson's purported health problems do not support early release.[1]  The matter is now ripe for decision.

## II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).  In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable.

Hutson contends that extraordinary and compelling circumstances exist because she would no longer be considered a career offender if she were sentenced today.  The government does not dispute that § 846 conspiracies no longer trigger the career offender enhancement, as held in *United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019).  Rather, it argues that compassionate release motions are the improper vehicle to raise such a challenge and that regardless, the potential change in Hutson's applicable guidelines range does not amount to an extraordinary and compelling circumstance.  I will address these arguments in turn.

A defendant is required to bring a challenge to the validity their conviction or sentence through a § 2255 habeas petition, not a motion for compassionate release.

---

[1] The government concedes that Hutson has exhausted her administrative remedies.

*United States v. Ferguson*, 55 F.4th 262, 271–72 (4th Cir. 2022). However, courts may consider non-retroactive changes in sentencing law that occur after a defendant's sentencing in conducting an individualized assessment of the merits of a compassionate release motion. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020).

The government asserts that Hutson's *Norman* argument is the type of challenge that is foreclosed by *Ferguson*. I disagree. Hutson is not challenging the constitutionality of her original sentence nor is she asserting that there was an erroneous guidelines calculation. Rather, she is asserting that the post-sentencing change in the law resulting from *Norman* creates an extraordinary and compelling reason for a sentence reduction. *United States v. Coley*, No. 7:96-cr-30013, 2023 WL 2873398, at *5 (W.D. Va. Apr. 10, 2023). As numerous district courts have held, such a contention falls within the permissible considerations for compassionate release motions. *Id.* at *3 (collecting cases regarding career offender designations and motions for compassionate release); *United States v. Hill*, No. 3:14cr114, 2023 WL 35211, at *6–7 (E.D. Va. Jan. 4, 2023).

I turn next to whether the change to Hutson's career offender designation amounts to an extraordinary and compelling reason for reduction. "Although the Fourth Circuit has not yet specified that a *Norman* sentencing disparity is an extraordinary and compelling reason for relief, numerous district courts within the

Circuit have so held." *Hill*, 2023 WL 35211, at *7. Here, however, both Hutson and the government agree that the removal of the career offender designation would have had no effect on Hutson's criminal history category or offense level at the time she was sentenced. PSR ¶¶ 26–28, 40, ECF No. 2005 (indicating that Hutson's criminal history category was VI independently because of her criminal history points). Thus, the issue is whether a retroactive amendment to the guidelines, known as Amendment 782, now creates a sentencing disparity amounting to an extraordinary and compelling circumstance.

Amendment 782 reduced the base offense levels assigned to drug quantities in USSG § 2D1.1 by two levels. *United States v. Muldrow*, 844 F.3d 434, 436 (4th Cir. 2016). However, it did not apply to those sentenced as career offenders. *United States v. Hall*, 627 F. App'x 266, 267 (4th Cir. 2016) (per curiam) (unpublished). Consequently, as indicated in this court's 2015 decision, Order 1, ECF No. 1704, Hutson could not receive the benefit of Amendment 782.

Now that Hutson's career offender designation has been invalidated by *Norman*, she is eligible for such retroactive relief, meaning her applicable offense level corresponding with the drug weight attributable her would be 32, not 34. PSR ¶¶ 6, 19, ECF No. 2005; USSG § 2D1.1(c)(4). The new corresponding guidelines range, should I find that the § 3553(a) factors weigh in favor of such relief, is 210 to 262 months. Thus, the disparity between the lowest end of Hutson's original

advisory guidelines range, 262 months, and the one triggered by the change brought by Amendment 782, 210 months, is 52 months, or over 4 years. The difference between the highest end of the two ranges is 65 months, over 5 years. The difference between Hutson's current guidelines sentence of 300 months and the highest end of the Amendment 782 affected range is 38 months, which is over 3 years, or more than 10 percent of her current sentence. I find that such disparity is significant and constitutes an extraordinary and compelling circumstance. *Coley*, 2023 WL 2873398, at *4 (finding that 14-month disparity amounted to an extraordinary and compelling reason for sentence reduction).[2]

Even in finding the existence of an extraordinary and compelling circumstance, however, I must still conduct an individualized application of the relevant § 3553(a) sentencing factors before determining whether relief is warranted. *Kibble*, 992 F.3d at 331. Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to avoid unwarranted sentence disparities; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (citing § 3553(a)).

---

[2] Because I find the existence of an extraordinary and compelling circumstances for this reason, I need not address whether the other arguments raised by Hutson are extraordinary and compelling.

Here, the factors go both ways. On one hand, Hutson played a significant role in a conspiracy involving large quantities of illegal drugs, including running a money-laundering business to help further the conspiracy. Moreover, Hutson has a lengthy criminal history and has received three minor disciplinary infractions while incarcerated. At the same time, she has completed numerous educational programs and has received a positive performance evaluation for her prison work assignments in recent years. Furthermore, as discussed above, a sentencing disparity exists. Hutson points to the disparity between her sentence and that of her sister's, her sister being the leader of the conspiracy. However, as highlighted by the government, the court considered and rejected this argument at sentencing because Hutson's sister had no criminal history, so this alleged disparity does not weigh towards relief. Nevertheless, the disparity between Hutson's sentence and other similarly situated defendants created by her career offender status and her eligibility for relief under Amendment 782 does weigh in favor of relief.

Considering Hutson's history and characteristics, as well as the nature of her offense, Hutson is not entitled to the 210-month sentence she seeks, but I agree that the sentencing disparity discussed above warrants a limited reduction. I find that a reduction to 241 months would be appropriate, which amounts to approximately the same percentage difference from the high-end of the Amendment 782 range, 262

months, as the current 300-month sentence differs from the original high-end of 327 months.

III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 2003, is GRANTED IN PART, and the defendant's sentence is hereby reduced to a total term of 241 months. The defendant's sentencing judgment shall otherwise remain unchanged.

The Clerk shall send a copy of this Opinion and Order to the Probation Office.

ENTER: June 6, 2023

/s/  JAMES P. JONES
Senior United States District Judge